UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WANDA LYONS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV365 CDP |
| WYETH, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff Wanda Lyons' motion to remand this action to the Circuit Court for the City of St. Louis, Missouri. The motion will be granted.

This pharmaceutical tort case is one of nine that was filed by different plaintiffs against numerous defendants in the Circuit Court for the City of St. Louis, Missouri and then removed to this district.[1] Like the other plaintiffs, Wanda Lyons claims that she developed tardive dyskinesia and other movement disorders after using the drug Reglan or its generic equivalent.

Lyons brings this action against the pharmaceutical companies that developed, manufactured, and sold Reglan and its generic equivalents. She also

---

[1]The other cases are *Neeley, et al. v. Wyeth, Inc., et al.*, 4:11CV325 RWS; *Nicely v. Wyeth, Inc., et al.*, 4:11CV338 CDP; *Newby v. Wyeth, Inc., et al.*, 4:11CV339 AGF; *Farmer v. Wyeth, Inc., et al.*, 4:11CV348 CDP; *Ferguson v. Wyeth, Inc., et al.*, 4:11CV360 SNLJ; *Franzman v. Wyeth, Inc., et al.*, 4:11CV362 CAS; *Harp v. Wyeth, Inc., et al.*, 4:11CV363 AGF; and *Lawson v. Wyeth, Inc., et al.*, 4:11CV364 RWS.

assert claims against defendant First Databank, a Missouri corporation and a provider of patient education monographs (PEMs). PEMs are drug information pamphlets typically stapled to a patient's prescription, and provide information about proper usage and the possible side effects and risks associated with a drug. Lyons asserts that First Databank was negligent and violated the Missouri Merchandising Practices Act by failing to describe the risks associated with the use of Reglan and its generic equivalents – including developing tardive dyskinesia and other movement disorders – in the PEMs it created for the drug.

Several defendants have removed this case, contending that this Court has diversity jurisdiction. Lyons moves to remand and argues that this action is not removable to federal court because defendant First Databank is a Missouri citizen. Defendants counter that First Databank's Missouri citizenship should not bar removal, because it has not been properly served and because its joinder is fraudulent. Because Lyons has stated colorable claims against First Databank, and it was properly served, this Court lacks removal jurisdiction. I will therefore remand the action to the Circuit Court.

## **Additional Background Facts**

After suffering from tardive dyskinesia and other movement disorders, Lyons and seventeen others jointly filed a Petition in Missouri Circuit Court in the City of St. Louis against numerous defendants who manufactured and sold Reglan

and its generic equivalents. *Brown v. Walgreens Co.*, Case No. 1022-CC00765 (Mo. Cir. Ct. filed Feb. 25, 2010). They also brought suit against companies that published the Patient Education Monographs that provided information about proper drug usage and the risks associated with the drug. Defendants filed motions to transfer venue and to sever plaintiffs' claims for misjoinder under Mo. R. Civ. P. 52.06. In November of 2010, the Honorable Robert Dierker, Circuit Judge, granted defendants' motion for misjoinder and severed plaintiffs' claims.

Lyons filed an amended petition on February 10, 2011. On February 24 manufacturing defendant Wyeth LLC removed Lyons' case to this Court based on diversity jurisdiction. At the same time, Wyeth removed several other of the severed plaintiffs' cases to this Court, including *Farmer v. Wyeth*, Case No. 4:11CV348 CDP, and *Nicely v. Wyeth*, Case No. 4:11CV338 CDP.[2] Lyons has moved to remand this case, and several defendants have moved to dismiss her claims against them.

## Discussion

As a preliminary matter, I conclude that this action is a continuation of the original *Brown* case, and so Lyons was not required to re-serve First Databank with a summons and a copy of her amended petition. In opposition to remand, defendants argue that Judge Dierker's severance Order acted as a dismissal of

---

[2]I am also remanding those cases by separate Orders.

Lyons' action, and so Lyons was required to re-serve First Databank with a summons and a copy of her amended petition when she filed it on February 10, 2011. Because it is undisputed that Lyons did not do so, defendants argue that First Databank has not been properly served and joined in this case, and that its Missouri citizenship is therefore not a bar to removal. This is incorrect. Judge Dierker's Order merely severed the *Brown* plaintiffs' cases for misjoinder pursuant to Rules 52.05 and 52.06, Mo. R. Civ. P.; it did not dismiss them. *See Brown v. Walgreens Co.*, Case No. 1022-CC00765, slip op. at 4 (Mo. Cir. Ct. Nov. 16, 2010) ("When parties are impermissibly joined in a cause of action, the Court has the authority to sever the cases and require the plaintiffs to proceed separately. Rule 52.06 . . . ."). Additionally, Rule 52.06 explicitly states that "[m]isjoinder of parties is not grounds for dismissal of an action." Instead, if parties are misjoined, a court may sever the parties' claims and allow them to proceed separately, as Judge Dierker ordered in this case. *See* Mo. R. Civ. P. 52.06.

Moreover, nothing in Judge Dierker's Order indicates that he intended to dismiss Lyons' action. The Order granted the severed plaintiffs leave to file amended petitions without paying filing fees, and created sub-files for each severed case. Defendants are correct that the Order directed the Clerk of the Court to issue new cause numbers to the severed cases, but that was most likely done for convenience and did not operate to dismiss the cases. Accordingly, Judge

Dierker's Order severing the cases did not operate to dismiss Lyons' action, and Lyons was not required to re-serve First Databank with a summons and a copy of the amended complaint to join it to this action. *See Schindler v. Wyeth*, Case No. 4:06CV337 RWS, slip op. at 4-5 (E.D. Mo. June 29, 2010) (concluding that a Missouri trial court's Order severing plaintiffs' cases did not operate as a dismissal of those severed cases when the Order relieved plaintiffs of paying new filing fees or obtaining service of process on defendants).

Defendants next argue that, even if First Databank as been properly joined to this case, this Court still has removal jurisdiction because Lyons fraudulently joined this defendant to defeat removal. I disagree. Under 28 U.S.C. § 1441(b), a defendant may remove a civil action from state court to federal court based on the diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. *See* 28 U.S.C. § 1441(b); *accord Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). When, as here, the plaintiff has named a resident defendant in the state case, a removing defendant may avoid remand only by establishing that the resident defendant was fraudulently joined. *See, e.g., Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). As the party invoking federal jurisdiction, the removing defendant bears the burden of establishing jurisdiction by a preponderance of the evidence,

and all doubts about jurisdiction are to be resolved in favor of remand. *See, e.g., In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

Fraudulent joinder occurs when a plaintiff files a "frivolous or illegitimate claim" against a resident defendant solely to prevent removal. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotation marks and citation omitted). Joinder is not fraudulent, however, if there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. In determining whether a defendant has been fraudulently joined, a district court:

> . . . should give paramount consideration to the reasonableness of the of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent . . . However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder.

*Id.* at 810 (emphasis in original); *see also Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (case must be remanded unless plaintiff's claims against resident defendant have no reasonable basis in law or fact). Accordingly, I must remand this action unless Lyons' claims against First Databank have no reasonable basis in law or fact.[3]

---

[3]The Eighth Circuit recently clarified that this reasonableness standard – not the "more demanding" standard for dismissal under Rule 12(b)(6), Fed. R. Civ. P. – applies to determine whether a defendant has been fraudulently joined. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445-46 (8th Cir. 2010); *accord Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

Here, defendants first argue that Lyons' negligence claims against First Databank are not colorable, because First Databank owed them no duty of care as a matter of law. But defendants have not pointed to any Missouri or Kentucky law[4] declining to impose a duty of due care on PEM publishers like First Databank. Instead, they refer to cases applying California and Arkansas law in which courts found that PEMs like First Databank owed no duty as a matter of law to warn customers of the risks associated with prescription drugs. *See, e.g., Cheatham v. Teva Pharms. USA*, 726 F. Supp. 2d 1021, 1024 (E.D. Ark. 2010) (granting summary judgment to defendant PEM publisher because the undisputed facts did not permit a finding that publisher owed any legal duty to warn consumer about risks associated with Tramadol); *see also Rivera v. First Databank*, 115 Cal. Rptr. 3d 1, 8 (Cal. Ct. App. 2010) (plaintiffs failed to demonstrate that defendant PEM publisher owed them any duty). Defendants are confusing the standards of review, however. The question is not whether Lyons' claims are weak or fail under Rule 12(b)(6), but rather whether "it is *clear* under governing state law that the complaint does not state a cause of action . . ." *See Filla*, 336 F.3d at 810. Although some courts applying California and Arkansas law have concluded that,

---

[4]The parties agree that, under the facts of this case, either Kentucky or Missouri law will apply. Lyons is a Kentucky citizen, used Reglan and its generic equivalents in Kentucky, and suffered her alleged damages there; First Databank is a Missouri citizen. In any event, the parties also agree that the laws of the two states do not conflict on any significant issue in this case. In particular, it is undisputed that no court in either state has declared that PEM publishers like First Databank do not owe a duty to patients like plaintiff as a matter of law.

on the facts of those particular cases, the plaintiffs had failed to demonstrate that a PEM publisher owed them any duty, no Missouri or Kentucky court has come to this conclusion.  Because defendants have failed to meet their burden of demonstrating that applicable Missouri or Kentucky precedent precludes Lyons' cause of action, they have failed to establish fraudulent joinder.

Moreover, Lyons has pointed to several legal theories under both Missouri and Kentucky law that could support her claims against First Databank.  For example, Lyons argues that Kentucky or Missouri law would recognize that First Databank owes her a duty of care pursuant to the "social" or "universal" duty of care that every person owes every other person.  *See, e.g., Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999) ("Every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury.") (internal quotation marks, alteration, and citation omitted); *Pierce v. Platte-Clay Elec. Coop., Inc.*, 769 S.W.2d 769, 776 (Mo. 1989) (en banc) (defendant breaches his duty of care if it had knowledge, "actual or constructive, that there is some probability of injury sufficiently serious that an ordinary person would take precautions to avoid it.").  Lyons also alleges that the risks associated with the use of Reglan and its generic equivalents were well known, and that a reasonable person exercising ordinary care would have included warnings about these risks in

the PEMs for these drugs. She also argues that Kentucky and Missouri courts would recognize that First Databank owed her a duty:

- under the common-law theory that a defendant who voluntarily undertakes to act owes a duty to act carefully, *see, e.g., Berry v. Emery, Bird, Thayer Dry Goods Co.*, 211 S.W.2d 35, 41 (Mo. 1948); *Estep v. B.F. Saul Real Estate Inv. Trust*, 843 S.W.2d 911, 914 (Ky. Ct. App. 1992);

- under the Restatement of Torts (Second) § 324A, which recognizes that defendants owe a duty to perform their contractual obligations in such a manner as to avoid injury to third parties, *see, e.g., Louisville Gas & Elec. Co. v. Roberson*, 212 S.W.3d 107, 111-12 (Ky. 2006); *Brown v. Michigan Millers Mut. Ins. Co.*, 665 S.W.2d 630, 632 (Mo. Ct. App. 1983);

- under its own industry standard of care, adopted by First Databank and other PEM manufacturers in the "Keystone Guidelines," and according to First Databank's own proclamations that its information is "scientifically accurate" and "up-to-date," *see, e.g., Pierce* 769 S.W.2d at 772 ("Evidence of industry custom and standard is admissible proof in a negligence case."); *Rigbsy v. Brighton Eng'g Co.*, 464 S.W.2d 279, 282 (Ky. 1970) (Reed, J., concurring) ("When one holds himself out as professionally expert in design, the law may require of him a standard of skill commensurate with the attendant circumstances which doubtless include the extent of the claim

of expertise and the risk of harm to third parties by failure to perform skillfully.").

In response, defendants make several legal and factual arguments about why Lyons' claims might fail under these legal theories, but these arguments essentially boil down to arguments for dismissal under Rule 12(b)(6). As discussed above, however, to show fraudulent joinder, defendants must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *See Knudsen*, 634 F.3d at 968. Because defendants have failed to satisfy their burden of showing that Lyons' claims against First Databank have no reasonable basis in law or fact, they have failed to establish fraudulent joinder of this defendant. Accordingly, this Court does not have jurisdiction over this case, and it must be remanded.

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#37] is granted, and this action is remanded to the Circuit Court for the City of St. Louis.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2011.